UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

RUDOLPH BETANCOURT, Individually,

    Plaintiff,

vs.

                                            Case No.

THE BEACHCOMBER VILLAS INC.,
a Florida Corporation,

    Defendant.
_____/

## **COMPLAINT**
*Injunctive Relief Demanded*

Plaintiff, RUDOLPH BETANCOURT, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, THE BEACHCOMBER VILLAS INC., a Florida Corporation (herein sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 USC § 12181, *et seq*. ("ADA").

    1.    Plaintiff, RUDOLPH BETANCOURT, is an individual residing in Fenwick, MI, in the County of Montcalm.

    2.    Defendant's property, the Beachcomber Resort and Club, is located at 1200 South Ocean Drive, Pompano Beach, FL 33062, in the County of Broward.

    3.    Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the property situs.

    4.    The Defendant's property is located in and does business within this judicial district.

5. Pursuant to 28 USC § 1331 and 28 USC § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 USC § 12181, *et seq.* *See also*, 28 USC § 2201 and § 2202.

6. Rudolph Betancourt is a Michigan resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.

7. Mr. Betancourt is a double amputee who uses either prosthetic devices and/or a wheelchair for mobility.

8. Mr. Betancourt regularly drives to South Florida from Michigan, where he resides. While driving from Michigan to South Florida, Mr. Betancourt regularly visits Pompano Beach along his route to South Florida for vacations and to enjoy the area's special beauty, including the shops and cultural venues and events offered generally. He also enjoys the beautiful beaches. He has friends and relatives in the nearby areas. His cousin, who he wants to visit, lives nearby and he also has many relatives and friends (including former Marines) in the Miami and Fort Lauderdale areas.

9. Mr. Betancourt stayed as a hotel guest at the subject hotel on July 23, 2022 which visit forms the basis of this lawsuit.

10. Mr. Betancourt has a confirmed reservation to return to the subject hotel on April 15, 2023, providing it is made accessible for his use to avail himself of the goods and services at the property, and to confirm the property is brought into compliance with the ADA.

11. Mr. Betancourt intends to continue to return to the South Florida area on a regular basis.

12. The barriers to access at the subject property have endangered his safety.

13. Defendant owns, leases, (or leases to), or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR

36.201(a) and 36.104.

14. Defendant is responsible for complying with the obligations of the ADA.

15. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as the Beachcomber Resort and Club, and is located at 1200 South Ocean Drive, Pompano Beach, FL  33062..

16. Rudolph Betancourt has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the property as described but not necessarily limited to the allegations in this Complaint.

17. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.

18. Mr. Betancourt desires to visit The Beachcomber Resort and Club, not only to avail himself of the goods and services available at the property, but to assure himself that the property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

19. The Defendant has discriminated against the Plaintiff, by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 USC § 12182 et seq.

20. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

1. A preliminary inspection of The Beachcomber Resort and Club has shown that violations exist.  These violations that Plaintiff has personally encountered or observed, and which were verified by an ADA expert,  include but are not limited to:

### Passenger Loading Zone

a. There is no access aisle adjacent to the passenger loading zone making it difficult for the plaintiff to recognize in violation of sections 503.3 and 209.4 of the 2010 ADA Standards, whose resolution is readily achievable.

### Accessible Routes

b. There is no signage indicating the facility is accessible posted at the main entrance making it difficult for the plaintiff to determine the accessibility of the facility in violation of section 216.6 of the 2010 ADA Standards, whose resolution is readily achievable.

c. There is no directional or informational signage posted at the steps of the swimming pool entrance making it difficult for the plaintiff to identify and utilize the accessible entrance to the swimming pool in violation of section 216.3 of the 2010 ADA Standards, whose resolution is readily achievable.

d. There are no handrails provided on both sides for the stairway entrance at the swimming pool making difficult for the plaintiff to access the swimming pool in violation of section 505.2 of the 2010 ADA Standards, whose resolution is readily achievable.

e. The walking surface on the path of travel leading to the outdoor patio dining area has an uneven surface making it difficult for the plaintiff to traverse in violation of sections 403.2, 403.3, and 403.4 of the 2010 ADA Standards, whose resolution is readily achievable.

### Main Lobby-Common Area

f. The knee clearance at the lobby bar is less than what is required making it difficult for the plaintiff to access in violation of section 306.3.5 of the 2010 ADA Standards, whose resolution is readily achievable.

g. The bar counter does not provide a lower section of seating that does not exceed the compliant height of 34 inches above the finish floor making it difficult for the plaintiff to utilize, in violation of sections 226.1 and 902.3 of the 2010 ADA Standards, whose resolution is readily achievable.

h. There are tables in the bar area that do not provide the required toe and knee clearances making it difficult for the plaintiff to access these elements in violation of sections 306.2 and 306.3 of the 2010 ADA Standards, whose resolution is readily achievable.

4

### Pool Area

i. The height of the seat on the pool lift is less than the minimum requirement of 16 inches making it difficult for the plaintiff to utilize in violation of section 1009.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

j. The height of the poolside bar counter exceeds the maximum requirement of 34 inches making it difficult for the plaintiff to utilize, in violation of section 902.3 of the 2010 ADA Standards, whose resolution is readily achievable.

k. The height of the table around the fire pit in less than 28 inches making it difficult for the plaintiff to utilize, in violation of section 902.3 of the 2010 ADA Standards, whose resolution is readily achievable.

l. There tables in the outdoor patio dining area do not provide the required knee and toe clearance making it difficult for the plaintiff to utilize, in violation of sections 306.2 and 306.3 of the 2010 ADA Standards, whose resolution is readily achievable.

### Men's Public Restroom

m. The doorway does not provide 18 inches of latch side maneuvering clearance parallel to the doorway and the trash can is obstructing the 60 inches of maneuvering clearance perpendicular to the doorway making it difficult for the plaintiff to utilize, in violation of section 404.2.4.1 of the 2010 ADA Standards, whose resolution is readily achievable.

#### Accessible Guestrooms

The Hotel does not provide the required amount of compliant accessible guest rooms and the accessible rooms are not dispersed among the various classes of accommodations, in violation of section 224.2 of the Standards.

### Accessible Guestroom 419

n. The desk is obstructing the 18 inches of latch side maneuvering clearance parallel to the doorway making it difficult for the plaintiff to utilize, in violation of section 404.2.1.1 of the 2010 ADA Standards, whose resolution is readily achievable.

o. The height of the iron exceeds the maximum requirement of 48 inches above the finish floor making it difficult for the plaintiff to reach in violation of sections 308.2.1 and 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

p. The beds being too close together are obstructing the minimum clear width requirement of 36 inches between them making it difficult for the plaintiff access the bed in violation of section 806.2.3 of the 2010 ADA Standards, whose resolution is readily achievable.

  q. The toilet paper dispenser is not in the compliant location of 7 inches minimum and 9 inches maximum in front of the water closet to the centerline of the toilet paper dispenser making it difficult the plaintiff to utilize, in violation of section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

  r. The toilet's side wall grab bar is not in the compliant location extending 54 inches from the rear wall as required making it difficult for the plaintiff to utilize, in violation of section 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

  s. The clear floor space around the w/c is less than 60 inches making it difficult for the plaintiff to access the fixture in violation of sections 604.3.1 and 604.3.2 of the 2010 ADA Standards, whose resolution is readily achievable.

  t. There is no seat capable of secure placement provided in the bathtub making it difficult for the plaintiff to utilize, in violation of section 607.3 of the 2010 ADA Standards, whose resolution is readily achievable.

  u. The size and location of the grab bars provided for the bathtub are incorrect creating an unsafe and difficult condition for the plaintiff to utilize the bathtub, in violation of section 607.4.2 of the 2010 ADA Standards, whose resolution is readily achievable.

  v. The controls of the bathtub are not located between the open side of the tub and the centerline of the width of the tub making it difficult for the plaintiff to utilize, in violation of section 607.5 of the 2010 ADA Standards, whose resolution is readily achievable.

  w. The heights of the shower spray unit, the soap dispensers and the towel bar exceed the maximum requirement of 48 inches above the finish floor making difficult for the plaintiff to reach, in violation of sections 308.2.1 and 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

 The bathtub does not provide a compliant hand-held shower spray unit that has an on/off control with a non-positive shut-off making it difficult for the plaintiff to utilize, in violation of section 607.6 of the 2010 ADA Standards, whose resolution is readily achievable.

  x. The lavatory is obstructing the doorway's 18 inches of latch side maneuvering clearance making it difficult for the plaintiff to utilize, in violation of section 404.2.1.1 of the 2010 ADA Standards, whose resolution is readily achievable.

  y. The plaintiff had to use caution when utilizing the lavatory due to the drainpipe and water supply lines being exposed and in need of insulation, in violation of section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

**Maintenance**

z.  The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

21.  All of the foregoing cited violations are violations of both the 1991 Americans with Disabilities Act Guidelines (ADAAG) and the 2010 Standards for Accessible Design, as adopted by the Department of Justice.

22.  The discriminatory violations described in Paragraph 21. above are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The Plaintiff and all other individuals similarly situated have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

23.  Defendant has discriminated against the Plaintiff by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 USC § 12181, *et seq.* and 28 CFR 36.302, *et seq.*  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to

afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

24. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

25. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 USC § 12205 and 28 CFR 36.505.

26. Defendant is required to remove the existing architectural barriers to the physically disabled, when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

27. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

28. Pursuant to 42 USC § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the The Beachcomber Resort and Club to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

29. A PACER search has not shown any prior related ADA lawsuits in the Southern District of Florida.

**WHEREFORE,** Plaintiff respectfully requests:

A. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 USC § 12181 et seq.

B. Injunctive relief against the Defendant, including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and useable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

C. An award of attorney's fees, costs and litigation expenses pursuant to 42 USC § 12205.

D. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

E. The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features on an ongoing basis.

Dated: September 16, 2022 Respectfully submitted,

 */s/ John P. Fuller*
 John P. Fuller, Esq.
 Florida Bar No. 0276847
 FULLER, FULLER & ASSOCIATES, P.A.
 12000 Biscayne Blvd., Suite 502
 North Miami, FL 33181
 (305) 891-5199
 (305) 893-9505 – Facsimile
 jpf@fullerfuller.com
 jpfuller17@gmail.com

 *Counsel for Plaintiff Rudolph Betancourt*